Ruffin, J.
 

 Supposing Adeline to have been the property of Mrs. Davidson, independent of her husband, it might admit of some consideration, whether she could split up the operation of the executor’s assent to the whole gift to her, so as to claim some of the slaves under the assent,- and others against it. The Court does not, however, entej into the consideration of the point, as it is not necessary to the decision here, since it is expressly stated in the defendant’s exception, that, although Mrs. Davidson claimed Adeline as her own by title paramount, yet the slave actually belonged to the testator, and, therefore, she derived the only title she had to her, through the will, and the assent of the executor. Row, a court would pause a long while before a legatee of a particular estate, whose only title is thus derived, and ¿Ató-a good title, and who by the assent of the executor gets possession, would be allowed to deny that title, and set up an adverse one, when the sole purpose of so doing, is tortiously to defeat a limitation over, after the expiration of the particular estate. It need not be denied, that, if there be no election in the case, or that doctrine be not applicable in a court of law to an ex-executor’s assent, Mrs. Davidson might assert her own right to the slave, if she had it, and we suppose she might. But when she had no tittle, whatever, but that derived under the will, and could have got the possession in no other way, but as legatee, it would seem, both on principles of law and justice, that she could not accept the possession from the executor, and at the same time set up a title merely pretended in
 
 *540
 
 opposition to the executor, or to an ulterior donee. But this case does not depend, even on the correctness of that position. For, it may be yielded, for the sake of the argument, if there had been no limitation over, and the reversion after Mrs. Davidson’s life, had been left in the executor, that, as between her, and him, the repudiation of his assent to the legacy to her might leave the title in him, and make it necessary for him to retain or recover the slave, and hold her uutil Mrs. Davidson would accept her as legatee; and, therefore, that he would be barred of the title after so long an adverse possession by her vendee of the absolute property. But in this case, that conveyance is avoided entirely by the effect of the executor’s assent on the interest limited over. The general rule is, that an assent to the particular estate amounts to an assent to a gift limited thereon, and under the operation of that rule, the title vested in remainder in the feme plaintiff. It is said, however, that the assent to the gift over, was ineffectual by reason of the dissent of Mrs. Davidson to take under the will, and the executor’s assent, because the particular estate, and the remainder formed but one estate, and if the former did not vest, the latter could not. It is true, that form of expression is found in the books, and it is sometimes given as the reason why the assent to the particular estate is an asseut to a remainder. But, in respect to gifts of personal chattels, the expression is inaccurate, for the two interests do not constitute
 
 one estate
 
 properly speaking; but, after a life estate, the limitation over is not by way of remainder, technically, but by way of executory devise of a distinct property, to arise
 
 m fu-turo ;
 
 and hence the executor may, probably, by express terms, limit his assent to either interest, separately, and it will be good to that extent only. If, however, he does not expressly restrict his assent to the gift, to the first taker, the general inference is, that he means to assent to all the gifts in succession. But that is not because those gifts make up but one estate ; on the contrary, it arises by fair inference, from his assent to the prior legatee of the specific chattel, that neither the present, nor the ulterior interest is needed for the payment
 
 *541
 
 of debts, since, if it were, it would be wrong in him to assent to either legacy, inasmuch as they ought to be contributory
 
 pro rata
 
 to the debts, and such wrong is not to be presumed. It appears, then, that although the assent to the one legacy may thus be inferred from that of the other, the assent to each is in its nature distinct, as the legacies themselves are as to their vesting in right or possession. Hence, if it'be admitted, that Mrs. Davidson did not take as legatee, yet, her refusal of the bounty of her husband, could not defeat his bounty to his daughter, nor defeat the assent of the executor to the gift to the daughter. The executor is not obliged to retain the whole title in himself because one of the legatees refuses to accept the legacy of a limited interest; but he may relieve himself of responsibility, and do justice to the ulterior legatee, by an immediate assent to that legacy, so as to vest it in right at once. By the gift, the donee has an inchoate right to the legacy, and the assent of the executor is only required as a renunciation of his right to apply part of the testator’s effects to the payment of the debts, and the charges of administration.- — ■ IVhen that is thus put out of the way, the gift becomes perfect under the will, and the executor never can resume the title or the possession; consequently, the concurrence of the executor in the sale to the defendant cannot affect the title vested in the feme plaintiff by the previous assent, and the plaintiffs have a right to recover, notwithstanding the defendant’s possession; because they were married at the death of the testator, and because, this suit was brought almost immediately after their right to the possession accrued.
 

 Pee Oueiam, Judgment affirmed.